D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FREDERICK DILLON,

                Plaintiff,                            **ORDER**

      -against-                          **14-CV-5174 (NGG) (JMA)**

CITY OF NEW YORK, JOHN DOE/JANE DOE,
and NEW YORK CITY DEPARTMENT OF
CORRECTIONS,

                Defendants.
------------------------------------------------------------------X
FREDERICK DILLON,

                Plaintiff,                            **ORDER**

      -against-                          **14-CV-5348 (NGG) (JMA)**

AMERZEAN DILLON,

                Defendant.
------------------------------------------------------------------X
FREDERICK DILLON,

                  Plaintiff,                            **ORDER**

      -against-                          **14-CV-5691 (NGG) (JMA)**

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, and JANE DOE,

                Defendants.
------------------------------------------------------------------X

---------------------------------------------------------------X
FREDERICK DILLON,

                Plaintiff,

      -against-

CITY OF NEW YORK and TARUN SANDAL,

                Defendants.
---------------------------------------------------------------X

**ORDER**

**14-CV-5692 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Frederick Dillon, who is currently incarcerated at the Sullivan Correctional Facility in Sullivan County, New York, has requested to proceed in forma pauperis ("IFP") in connection with four Complaints he filed pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of New York during September 2014: No. 14-CV-5174, filed September 2, 2014 ("5174") (see 5174 Compl. (5174 Dkt. 1)); No. 14-CV-5348, filed September 5, 2014 ("5348") (see 5348 Compl. (5348 Dkt. 1)); No. 14-CV-5691, filed September 24, 2014 ("5691") (see 5691 Compl. (5691 Dkt. 1)); and No. 14-CV-5692, filed September 24, 2014 ("5692") (see 5692 Compl. (5692 Dkt. 1)). For the reasons stated below, Plaintiff's requests to proceed IFP pursuant to 28 U.S.C. § 1915 are DENIED.

## I.    BACKGROUND

Since 2012, Plaintiff has filed twenty-four civil actions in the United States District Court for the Eastern and Southern Districts of New York. See infra Part III.B. At least six of the Southern District actions were dismissed for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), thus qualifying as strikes under 28 U.S.C. § 1915(g). See Dillon v. City of New York, No. 12-CV-7775 (LAP), 2014 WL 658095 (S.D.N.Y. Feb. 19, 2014); Dillon v. City of New York, No. 12-CV-6740 (LAP) (S.D.N.Y. Dec.

2

19, 2013) (Dkt. 18); Dillon v. City of New York, No. 12-CV-7113 (LAP), 2013 WL 6978959 (S.D.N.Y. Nov. 18, 2013); Dillon v. City of New York, No. 12-CV-6746 (LAP), 2013 WL 3776252 (S.D.N.Y. July 18, 2013); Dillon v. City of New York, No. 12-CV-7112 (LAP), 2013 WL 3776167 (S.D.N.Y. July 18, 2013); Dillon v. City of New York, No. 12-CV-3872 (LAP) (S.D.N.Y. June 24, 2013) (Dkt. 36).

In addition, by orders dated September 18, 2014, and October 2, 2014, this court vacated two prior orders granting Plaintiff permission to proceed IFP, as required by 28 U.S.C. § 1915(g), and dismissed Plaintiff's Complaints without prejudice to refile upon payment of the $400 filing fee. See Dillon v. Blake, No. 14-CV-2416 (NGG), 2014 WL 4966086 (E.D.N.Y. Oct. 2, 2014); Dillon v. City of New York, No. 14-CV-2733 (NGG), 2014 WL 4678087 (E.D.N.Y. Sept. 18, 2014).

## II. DISCUSSION

### A. PLRA

Congress enacted the Prison Litigation Reform Act ("PLRA") "with the principal purpose of deterring frivolous prisoner lawsuits and appeals." Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007) (internal quotation marks omitted). Section 804 of the PLRA, codified at 28 U.S.C. § 1915(g), provides that a prisoner-litigant is ineligible to proceed IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Second Circuit has held that the phrase "fails to state a claim upon which relief may be granted" explicitly references the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6).

3

Tafari, 473 F.3d at 442. To qualify for the exception to this "three strikes" rule, a prisoner-litigant must allege he or she is under danger of imminent physical harm at the time the complaint is filed. See Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) ("[T]he language of § 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed.").

Plaintiff's pleadings do not satisfy the "imminent danger" exception in § 1915(g), and therefore he may not proceed IFP. As previously noted, Plaintiff has exhausted his three strikes under the PLRA, having filed at least six disqualifying suits prior to filing the instant Complaints. See Polanco v. Hopkins, 510 F.3d 152, 155-56 (2d Cir. 2007) (upholding constitutionality of § 1915(g)).

### B. Dillon v. City of New York, 14-CV-5174

Plaintiff's 5174 Complaint alleges that he was escorted by correction officers to Queens County Family Court, and when he arrived there, the officers were not able to remove his handcuffs. Ultimately, the handcuffs had to be cut off of Plaintiff's wrists with an electric cutter at Riker's Island. (5174 Compl. at 4.)[1] Plaintiff alleges that he suffered burns on his wrists as a result. (Id.) He further alleges that immediately following the incident, while at Riker's Island, two of the correction officers threatened him with physical harm if he filed a lawsuit regarding the incident, and that one of the correction officers "grab[bed]" Plaintiff's "priv[ate] part" and "squeezed." (Id. at 4-5.) Plaintiff seeks $2 million in monetary damages. (Id. at 7.)

Considering Plaintiff's allegations liberally, as raising the strongest arguments they suggest, see Price v. City of New York, 797 F. Supp. 2d 219, 222 (E.D.N.Y. 2011), there is no indication that Plaintiff was in danger of imminent bodily harm at the time he initiated the 5174

---

[1] Pin citations to the 5174 Complaint refer to the page numbers assigned by the court's electronic filing system.

Complaint. Therefore, Plaintiff is barred from proceeding IFP in this action by the PLRA's three-strikes provision.

### C. Dillon v. Dillon, 14-CV-5348

In the 5348 Complaint, Plaintiff appears to allege that he lived for a period of time with Defendant Amerzean Dillon, who was either his stepmother or foster mother, and that following a dispute on September 17, 2013, Defendant requested that Plaintiff leave Defendant's home. (5348 Compl. ¶ V; see also 5348 Mot. for Leave to Proceed IFP (5348 Dkt. 2) at 3-4.)[2] Plaintiff claims that while he was living at Defendant's home he paid Defendant's rent, and he seeks the court's intervention to recover $450.00 in rent that he allegedly paid on Defendant's behalf. (5348 Compl. ¶ V; 5348 Mot. for Leave to Proceed IFP at 3-4.) Plaintiff also appears to allege that Defendant had abused Plaintiff and other foster children or grandchildren, and to suggest that she be criminally charged. (See 5348 Mot. for Leave to Proceed IFP at 3-4.)

Considering Plaintiff's allegations liberally, as raising the strongest arguments they suggest, see Price, 797 F. Supp. 2d at 222, there is no indication that Plaintiff was in danger of imminent bodily harm at the time he initiated the 5348 Complaint. Therefore, Plaintiff is barred from proceeding IFP in this action by the PLRA's three-strikes provision.

### D. Dillon v. City of New York, 14-CV-5691

Plaintiff alleges in the 5691 Complaint that on October 15, 2013, he was falsely arrested by Officer John Doe when private citizen Jane Doe (first name Christina) falsely accused him of having assaulted her. (5691 Compl. at 4.)[3] He alleges that he was unlawfully held in custody for three days in connection with this arrest before the charges were dropped. (Id.) He appears to

---

[2] Pin citations to the 5348 Motion for Leave to Proceed IFP refer to the page numbers assigned by the court's electronic filing system.

[3] Pin citations to the 5691 Complaint refer to the page numbers assigned by the court's electronic filing system.

5

seek $1,000 in monetary damages from the City of New York, the New York City Police Department, Jane Doe, and Officer John Doe. (Id. ¶¶ III.B, V.) Plaintiff also states that he wishes to press charges against Officer John Doe and Jane Doe. (Id. at 4.)

Considering Plaintiff's allegations liberally, as raising the strongest arguments they suggest, see Price, 797 F. Supp. 2d at 222, there is no indication that Plaintiff was in danger of imminent bodily harm at the time he initiated the 5691 Complaint. Therefore, Plaintiff is barred from proceeding IFP in this action by the PLRA's three-strikes provision.

### E. Dillon v. City of New York, 14-CV-5692

Plaintiff's 5792 Complaint alleges that on October 14, 2013, he was falsely arrested and charged with menacing Defendant Tarun Sandal, a private citizen. (5692 Compl. ¶ IV.) He suggests that the arresting officer, Defendant Officer Pom Carney Eric (see 5692 Compl. ¶ III.B), "set [him] up." (5692 Compl. ¶ IV.)[4] Plaintiff seeks $5,000 in monetary damages from the City of New York, Tarun Sandal, and Officer Pom Carney Eric. (5692 Compl. ¶¶ III.B, V.)

Considering Plaintiff's allegations liberally, as raising the strongest arguments they suggest, see Price, 797 F. Supp. 2d at 222, there is no indication that Plaintiff was in danger of imminent bodily harm at the time he initiated the 5692 Complaint. Therefore, Plaintiff is barred from proceeding IFP in this action by the PLRA's three-strikes provision.

## III. FILING INJUNCTION WARNING

### A. Relevant Law

The opportunity to litigate IFP is regarded as a privilege and may be denied if abused. In re Anderson, 511 U.S. 364 (1994); In re Sindram, 498 U.S. 177, 179-80 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of

---

[4] Plaintiff also alleges in the 5692 Complaint that the following day, October 15, 2013, he was again falsely arrested for "assault on a female," which appears to reference the incident alleged in the 5691 Complaint. (See 5692 Compl. ¶ IV.)

6

justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); Polanco v. Hopkins, 510 F.3d 152, 156 (2d Cir. 2007) (noting that the opportunity to proceed IFP "is not a constitutional right, but rather a congressionally created benefit" (internal quotations marks omitted)). The Second Circuit has held that a district court not only has the authority, but also the obligation, to deny this benefit to a litigant who has a demonstrated history of filing frivolous and vexatious claims. See In re Martin–Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."), modified sub nom. Martin-Trigona v. Cohen, 876 F.2d 307, 308 (2d Cir. 1989). The Second Circuit has upheld the district court's authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings," with the caveat that the litigant must be provided with notice and a reasonable opportunity to respond. Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam) (internal quotations and citations omitted); see also Pandozy v. Tobey, 335 F. App'x 89, 92 (2d Cir. 2009) (summary order); Williams v. N.Y.C. Hous. Auth., No. 06-CV-5473 (NGG), 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008).

B.  **Plaintiff's Litigation History**

Plaintiff has filed twenty-four actions in the Eastern and Southern Districts of New York since 2012. As noted above, six of those actions were dismissed for failure to state a claim on which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). See Dillon v. City of New York, No. 12-CV-7775 (LAP), 2014 WL 658095 (S.D.N.Y. Feb. 19, 2014); Dillon v. City of New York, No. 12-CV-6740 (LAP) (S.D.N.Y. Dec. 19, 2013) (Dkt. 18); Dillon v. City of New York, No. 12-CV-7113 (LAP), 2013 WL 6978959 (S.D.N.Y. Nov. 18, 2013); Dillon v.

City of New York, No. 12-CV-6746 (LAP), 2013 WL 3776252 (S.D.N.Y. July 18, 2013); Dillon v. City of New York, No. 12-CV-7112 (LAP), 2013 WL 3776167 (S.D.N.Y. July 18, 2013); Dillon v. City of New York, No. 12-CV-3872 (LAP) (S.D.N.Y. June 24, 2013) (Dkt. 36). A seventh was dismissed for failure to state a federal claim, and the court declined to exercise supplemental jurisdiction over possible remaining state claims. See Dillon v. City of New York, No. 12-CV-4124 (LAP) (S.D.N.Y. Sept. 10, 2012) (Dkt. 11). Another case was dismissed for failure to comply with the court's order to file a second amended complaint necessary to cure deficiencies in prior pleadings or to otherwise prosecute the action. Dillon v. Dep't of Corr., No. 12-CV-4904 (LAP) (S.D.N.Y. Dec. 11, 2012) (Dkt. 13). Yet another action was dismissed because Plaintiff had already initiated an active, pending litigation arising out of the same incident. Dillon v. Dep't of Corr., No. 12-CV-5682 (LAP) (S.D.N.Y. Nov. 15, 2012) (Dkt. 6). Five additional actions were dismissed for failure to comply with the court's order to submit a completed IFP application or pay the filing fee. See Dillon v. City of New York, No. 12-CV-7599 (LAP) (S.D.N.Y. Apr. 2, 2013) (Dkt. 5); Dillon v. City of New York, No. 12-CV-7810 (LAP) (S.D.N.Y. Feb. 1, 2013) (Dkt. 8); Dillon v. City of New York, No. 12-CV-7853 (S.D.N.Y. Feb. 1, 2013) (Dkt. 6); Dillon v. Dep't of Corr., No. 12-CV-6000 (LAP) (S.D.N.Y. Dec. 7, 2012) (Dkt. 5); Dillon v. City of New York, No. 12-CV-6773 (LAP) (S.D.N.Y. Nov. 27, 2012) (Dkt. 5). Plaintiff has two actions currently pending in the Southern District that have not been dismissed, see Dillon v. Dep't of Corr., No. 12-CV-3332 (LAP) (S.D.N.Y.), and Dillon v. City of New York, No. 12-CV-7601 (LAP) (S.D.N.Y.), and Plaintiff recently filed a new Complaint and IFP request that have not yet been addressed by the court, see Dillon v. City of New York, No. 14-CV-6866 (S.D.N.Y.).

This court recently vacated two prior orders granting Plaintiff permission to proceed IFP, as required by 28 U.S.C. § 1915(g), and dismissed Plaintiff's Complaints without prejudice to refile upon payment of the $400 filing fee due to Plaintiff's failure to meet the "imminent danger" exception to the three-strikes rule. See Dillon v. Blake, No. 14-CV-2416 (NGG), 2014 WL 4966086 (E.D.N.Y. Oct. 2, 2014); Dillon v. City of New York, No. 14-CV-2733 (NGG), 2014 WL 4678087 (E.D.N.Y. Sept. 18, 2014). Plaintiff voluntarily dismissed one action before this court, Dillon v. Goodman, No. 14-CV-4640 (NGG) (E.D.N.Y. Sept. 5, 2014) (Dkt. 6), and the instant Order denies Plaintiff's requests to proceed IFP in four actions.

Notably, Plaintiff has sought and/or been granted IFP status in connection with all twenty-four of these actions, only two of which have not been dismissed.[5] In light of Plaintiff's litigation history, this court will not tolerate the filing of further non-meritorious IFP actions. Moreover, Plaintiff is hereby warned that any future filing pursuant to a request for IFP status that does not meet the "imminent danger" exception to the § 1915(g) three-strikes rule may result in an order barring the acceptance of any future complaints without first obtaining leave of the court to do so.

## IV. CONCLUSION

Plaintiff's requests to proceed IFP are DENIED without prejudice. If Plaintiff wishes to proceed with any of these lawsuits, he must submit the $400 filing fee within thirty (30) days of the date of this Order, and state clearly which action he wishes to pursue with the payment of that fee. To be clear, each action requires a separate $400 filing fee. The court will enter judgment dismissing without prejudice any action with respect to which Plaintiff does not pay the filing fee within thirty (30) days of the date of this Order. All further proceedings shall be

---

[5] As noted above, a third Complaint and IFP request have not yet faced a court's review. See Dillon v. City of New York, No. 14-CV-6866 (S.D.N.Y.).

9

stayed for thirty (30) days. Furthermore, the court hereby notifies Plaintiff that if he brings any further IFP actions that fail to meet § 1915(g)'s "imminent danger" standard, the court may enter an order barring Plaintiff from filing future IFP complaints without first obtaining leave of the court to do so. See 28 U.S.C. § 1651.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October ?, 2014

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge